J-S13003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :        PENNSYLVANIA
                    Appellee           :
          v.                            :
                                         :
                                         :
                                         :
KALULE BUTTO COCHRAN                     :
                                         :
                    Appellant           :        No. 1753 WDA 2016

Appeal from the PCRA Order October 12, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0000785-2005,
CP-02-CR-0011372-2005

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED APRIL 11, 2018**

Appellant, Kalule Butto Cochran, appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed as untimely his third petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On September 11, 2006, the trial court convicted Appellant of third-degree murder and conspiracy.  The court sentenced Appellant on December 4, 2006, to 20 to 40 years' imprisonment for murder, and imposed no further penalty for conspiracy.  On March 25, 2008, this Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on October 16, 2008.  *See Commonwealth v. Cochran*, 953 A.2d 596 (Pa.Super. 2008), *appeal denied*, 598 Pa. 786, 959 A.2d 927 (2008).

On June 2, 2010, Appellant filed his first PCRA petition *pro se*.  The court appointed counsel, who filed a petition to withdraw and ***Turner/Finley*** "no-

merit" letter.[1]  The court granted counsel's petition, issued appropriate notice per Pa.R.Crim.P. 907 on February 21, 2012, and denied relief on March 26, 2012.  This Court affirmed on July 3, 2013.  **See Commonwealth v. Cochran**, 82 A.3d 1055 (Pa.Super. 2013).  Appellant filed his second PCRA petition *pro se* on September 16, 2014.  The court issued Rule 907 notice on October 7, 2014, and denied relief on October 28, 2014.  Appellant did not appeal that decision.

On September 15, 2016, Appellant filed the current *pro se* PCRA petition.  The court issued Rule 907 notice that day.  Appellant did not respond.  By order dated October 12, 2016, and filed October 19, 2016, the court denied relief.  Appellant timely filed a *pro se* notice of appeal on November 15, 2016.  On November 17, 2016, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b).  Appellant did not comply.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite.  **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016).  A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of when the claim could have first been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on January 14, 2009, upon expiration of the time for filing a petition for writ of *certiorari* with the U.S. Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on September 15, 2016, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant mentioned the "governmental interference" exception at Section 9545(b)(1)(i), claiming trial counsel was ineffective for failing to investigate fully the Commonwealth witnesses, and the prosecutor failed to disclose a plea deal between the Commonwealth and a key witness. Appellant vaguely alleged he discovered the underlying claims on August 26, 2016, from a fellow inmate. Appellant referred to an exhibit purportedly containing the inmate's affidavit, but no affidavit is in the certified record. Thus, Appellant failed to satisfy the 60-day rule; and his current petition remains time barred.[2] **See** 42 Pa.C.S.A. § 9545(b)(2).

Order affirmed.

_____

[2] In any event, Appellant did not comply with the court's Rule 1925(b) order, so he waived his claims on appeal. **See Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775 (2005) (holding issues not raised in Rule 1925(b) statement are waived on appeal).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/11/2018